**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113408

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julian Stephenson, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Complete Payment Recovery Services, Inc., | |
| Defendant. | |

Julian Stephenson (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Complete Payment Recovery Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5.     Plaintiff Julian Stephenson is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     On information and belief, Defendant Complete Payment Recovery Services, Inc., is an Alabama Corporation with a principal place of business in Tuscaloosa County, Alabama.

8.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.     Defendant alleges Plaintiff owes a debt ("the Debt").

11.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 18, 2017. (**"Exhibit 1."**)

15.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

18.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

19.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

20.     Defendant's letter states, "Your ability to pay by check or open an account has already been suspended at thousands of stores, banks and business nationwide."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

21.     The aforementioned statement is false.

22.     The aforementioned statement is deceptive.

23.     The aforementioned statement is misleading.

24.     Defendant's letter states, "To resolve this, remit payment for the Total Amount Due of $2,020.00"

25.     The aforementioned statement is false.

26.     The aforementioned statement is deceptive.

27.     The aforementioned statement is misleading.

28.     Defendant's letter states, "Certegy Check Services, Inc. is the owner of your check and is our client."

29.     The aforementioned statement is false.

30.     The aforementioned statement is deceptive.

31.     The aforementioned statement is misleading.

32.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

33.     Defendant's conduct as described herein is unfair and unconscionable.

34.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect Plaintiff's alleged debt.

35.     Defendant has violated § 1692f by using unfair and unconscionable means in its attempt to collect Plaintiff's alleged debt.

## JURY DEMAND

36.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.     Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.     Plaintiff's costs; all together with

d.     Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: October 24, 2017

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113408